IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:19-CR-00356 |
| | : | |
| v. | : | |
| | : | |
| BERNARD JOHNSON | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendant Bernard Johnson's motion to suppress evidence, requesting that the court specific suppress items found in Defendant's truck after an allegedly overbroad search warrant. Doc. 175. For the reasons that follow, the motion is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On August 17, 2018, Defendant drove to Amber Green's home in Susquehanna Township in order to demand money for damage done to his red Ford F150 truck and to demand return of an engagement ring. (Doc. 177, p. 3; Doc. 181, p. 3.)[2] An argument ensued, resulting in Defendant removing a firearm from a manilla envelope and pointing it at Ms. Green. (Doc. 177, p. 4; Doc. 181, p. 3.) Ms. Green fled the house and told her neighbors to call the police. (Doc. 177, p. 5;

---

[1] The court draws the factual background from the parties' briefs. Docs. 177 and 181. The court did not hold an evidentiary hearing to address this motion.

[2] For ease of reference, the court utilizes the page number contained in the CM/ECF header.

1

Doc. 181, p. 3.) Defendant then left the home in the red truck. (Doc. 177, p. 5; Doc. 181, p. 3.)

Shortly after Defendant left Ms. Green's home, the police located him driving southbound on 7th Street in Harrisburg and attempted to stop his car, but Defendant did not comply. (Doc. 177, p, 5; Doc. 181, p. 4.) Law enforcement then chased Defendant through Midtown Harrisburg, Pennsylvania, until they eventually stopped him. (Doc. 177, p. 5; Doc. 181, p. 4.) Prior to being stopped, Defendant threw a gun out of his car window. (Doc. 177, p. 5; Doc. 181, p. 4.) Law enforcement took Defendant into custody. They recovered the firearm, a magazine, and eight rounds of ammunition from the location where Defendant was taken into custody. They then impounded his red truck. (Doc. 177, p. 5; Doc. 181, p. 4.)

The next day, Patrolman Kevin Slider obtained a warrant to search the red truck. (Doc. 177, p. 5; Doc. 181, p. 4.) The warrant identifies the items to be searched and seized as: "[a]ll physical evidence, instruments of the crime, or contraband related to the incident. Specifically, a menila [sic] envelope used to conceal the weapon used in the crime." (Doc. 181-1, p. 1.) The search warrant then specifies that the place to be searched is the red Ford F150 that Defendant was operating during the incident. (*Id.*) The warrant provides the following violations: recklessly endangering another person, in violation of 18 PA. CON. STAT. ANN.

§ 2705, carrying a firearm without a license, in violation of 18 PA. CON. STAT. ANN. § 6106(a)(1), fleeing a police officer, in violation of 75 PA. CON. STAT. ANN. § 3733(a), traffic violations of 75 PA. CON. STAT. ANN. §§3112, 3323, robbery with threat of immediate serious injury, in violation of 18 PA. CON. STAT. ANN. § 3701(a)(1)(II), and simple assault, in violation of 18 PA. CON. STAT. ANN. § 2701(a)(3). (*Id.*) Attached to the search warrant was an affidavit of probable cause which recounts in detail the factual scenario described above. (*Id.* at 3.)

Patrolman Slider and now-detective Kevin Scott executed the search warrant and took photographs of the search. (Doc. 181, p. 5.) Evidence recovered during this search included: a manila envelope, a white grocery bag containing two smaller bags with cocaine in them, a brown paper bag containing an empty plastic bag, a cell phone and charger, and a digital scale. (Doc. 177, p. 7; Doc. 181, p. 5.)

On December 11, 2019, the United States filed a seven-count indictment against Johnson regarding two separate incidents. (Doc. 1.) Counts 1 through 4 relate to an incident that occurred on or about November 23, 2017, in Cumberland County, Pennsylvania. Counts 5 through 7 relate to the incident described above and discussed in this motion to suppress. (Doc. 1, pp. 4–6.) Johnson was indicted with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 2), possession of a firearm in furtherance of a drug

3

trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3), possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) (Count 4), possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 5), possession of firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 6), and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1.)

On July 15, 2021, the court granted Johnson's unopposed motion to sever Counts 1 through 4 from 5 through 7 for trial.  (Docs. 45, 46.)  Defendant proceeded to trial on counts 1 through 4 on October 30, 2023, which ended in a mistrial.  (Doc. 161.)  Trial on counts 1 through 4 is currently set to begin on June 24, 2024.  (Doc. 164.)  Trial on counts 5 through 7 is set to begin on July 8, 2024.  (Doc. 165.)

## DISCUSSION

In his motion to suppress, Defendant asks the court to suppress the white grocery bag containing two smaller bags of cocaine, the brown paper bag containing empty plastic bags, the cell phone and charger, and the small digital scale.  (Doc. 177, p. 7.)  In support of this request, Defendant argues that the search warrant was overly broad and not sufficiently particular, such that it was "subterfuge to conduct an otherwise unlawful search for drugs."  (*Id.*)  Defendant also argues that the search is also not justifiable under the plain view doctrine

4

because the grocery bag was not immediately incriminating in nature.  (*Id.* at 10.)  Alternatively, Defendant argues that even if the search warrant is valid, the evidence should be suppressed because it was outside the scope of the search warrant.  (*Id.*)  Finally, Defendant argues the search warrant was merely a pretext in order to search for evidence of drugs in the car.  (*Id.* at 12, 13.)

In response, the Government argues that the search warrant was sufficiently particular, the officers acted in good faith in relying on the warrant, the automobile exception could support the search, and the evidence would have inevitably been discovered through an inventory search.  (Doc. 181, p. 1.)

The United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. CONST. AMEND. IV.  The Constitution further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  *Id.*  As such the plain text of the Fourth Amendment requires "particularity" in a search warrant.  The particularity requirement is intended to prevent "general warrant[s], which essentially authorize[] 'a general exploratory rummaging in a person's belongings.'"  *United States v. Christie*, 570 F. Supp. 2d 657, 682 (D.N.J. 2008) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)).  A general warrant is invalid if "the warrant 'vest[ed] the executing

5

officers with unbridled discretion to conduct an exploratory rummaging [through the suspect's belongings] in search of criminal evidence.'" *Id.* (quoting *United States v. Christine*, 687 F.2d 748, 753 (3d Cir. 1982)). "When a warrant is accompanied by an affidavit that is incorporated by reference, the affidavit may be used in construing the scope of the warrant." *United States v. Johnson*, 690 F.2d 60, 64 (3d Cir. 1982). The Third Circuit has previously held that warrants authorizing searches for simply "smuggled goods," "obscene materials," "books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written instruments concerning the Communist Party of Texas," "illegally obtained films," and "stolen property" were not sufficiently particular. *Christine*, 687 F.2d at 752–53.

  Here, the warrant is sufficiently particular because it limits the scope of the search warrant to the evidence, instruments, and contraband related to the specific incident described in the affidavit of probable cause, thereby limiting the discretion of the officer in searching the vehicle. Further, the warrant itself enumerates seven different crimes the evidence could be connected to, including recklessly endangering another person, carrying a firearm without a license, fleeing a police officer, traffic violations, robbery, and simple assault. (*Id.* at 1, 4.)

  The warrant also expressly incorporates the affidavit of probable cause, which details the interaction between Defendant and Ms. Green, giving further

6

particular details of the evidence the officer should be looking for. (*Id.* at 1.) As explained by the Government,

> a reasonable law enforcement officer would expect to find: a manila envelope; firearms; ammunition, and the component parts of firearms; proof and indicia of vehicle ownership; damage to the vehicle; paperwork that detailed estimates for the damage as the defendant claimed he brought to Ms. Green's house; cell phones that may provide geographic location data placing the defendant at the scene of the crime; and evidence corroborating the defendant and Ms. Green's relationship.

(Doc. 181, p. 11.) Accordingly, the search warrant is sufficiently particular, and authorized the officers to search the red Ford F-150 pickup for the materials specified on the warrant.

Defendant's argument that the search of the plastic grocery bag was unlawful because it could not be searched under the plaint view doctrine is unavailing because "a lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *United States v. Ross*, 456 U.S. 798, 820–21 (1982). The valid search warrant gave the officers access to the vehicle, and it is reasonable to expect that items described in the search warrant could be found in a plastic grocery bag. Once the officers had opened the grocery bag, the incriminating nature of the smaller baggies containing a white powder and white rocky substance were immediately apparent. Thus, the officers could lawfully seize this evidence

because the officers did not violate the Fourth Amendment in searching the truck, the incriminating nature of the baggies was immediately apparent, and the officers had a lawful right of access by virtue of the search warrant authorizing their search of the truck. *See United States v. Stabile*, 633 F.3d 219, 241 (3d Cir. 2011). Accordingly, the search warrant is valid, and the seizure of the challenged evidence was lawful.[3]

In the alternative, even if the search warrant was not sufficiently particular, the evidence was properly seized under the automobile exception to the warrant requirement. "The automobile exception permits vehicle searches without a warrant if there is 'probable cause to believe that the vehicle contains evidence of a crime.'" *United States v. Donahue*, 764 F.3d 293, 299–300 (3d Cir. 2014). Probable cause exists if the evidence available to the officers "would 'warrant a man of reasonable caution in the belief' that a felony has been committed." *Wong Sun v. United States*, 371 U.S. 471, 413 (1963).

The automobile exception has two key details: first "if probable cause justifies the search . . . , it justifies the search of every part of the vehicle and its contents that may conceal the object of the search[,]" and second, "probable cause does not dissipate after the automobile is immobilized because the exception does

---

[3] Defendant's argument that the search should have stopped after the officers found the manila envelope is unavailing as well because the search warrant enumerated other evidence to be seized beyond just the manilla envelope.

not include an exigency component." *Id.* at 300 (citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999)).  Thus, "the government can search an impounded vehicle without a warrant even though it has secured the vehicle against the loss of evidence and it has the opportunity to obtain a warrant for the search." *Id.*

Here, the vehicle was impounded after Defendant was taken into custody on August 17, 2018.  (Doc. 176, p. 5; Doc. 181, p. 4.)  Additionally, the affidavit of probable cause provides sufficient probable cause to support a search of the truck, as the affidavit describes Defendant threatening Ms. Green with a firearm and then fleeing officers.  Accordingly, the search of the truck and its contents was also permitted by the automobile exception.

Finally, the evidence inevitably would have been discovered as a result of an inventory search after the car was impounded.  "Evidence obtained by the police unlawfully may nonetheless be admitted into evidence 'if the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means[.]'" *United States v. Bradley*, 959 F.3d 551, 557 (quoting *United States v. Vaquez De Reyes*, 149 F.3d 192, 195 (3d Cir. 1998)).  "One lawful means by which the police may discover evidence is to conduct an inventory search of an impounded vehicle, as 'inventory searches are now a well-defined exception to the warrant requirement of the Fourth Amendment.'" *Id.* (quoting *Colorado v. Bertine*, 479 U.S. 367, 371 (1987)).  The

9

Government can satisfy its burden "by demonstrating that the police, following their routine procedures, would have uncovered it." *Id.*

Here, the Government has provided the Susquehanna Township Police Department policy in effect at the time regarding motor vehicle inventory searches, which provides that "[t]he contents of all motor vehicles that are lawfully seized and/or impounded by this agency shall be subject to inventory in accordance with the provisions . . . of this policy." (Doc. 181-4, p. 2.)  The policy further provides that "[a]ll closed containers found within the vehicle, shall be opened for the purposes of the inventory." (*Id.*)  This is sufficient to show that the officers, following their routine procedures, would have found the evidence at issue here.[4]  Accordingly, the motion to suppress is denied.

---

[4] Defendant's argument that the search was merely a pretext for searching for drugs is also belied by the fact that the truck was impounded after Defendant was taken into custody and would have been searched pursuant to the Susquehanna Township Police Department's policies.

## CONCLUSION

The motion to suppress is denied because the warrant was sufficiently particular, the search of the truck was permissible under the automobile exception, and the evidence at issue inevitably would have been discovered in any event.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 20, 2024